IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STRAUSIE HART,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER HUDSON, and TANYA MURGEL,<br><br>Defendants. | CV 18-23-H-DLC-JTJ<br><br>**ORDER AND FINDINGS AND RECOMMENDATION** |

On January 31, 2018, *pro se* Plaintiff Strausie Hart ("Ms. Hart") filed a Motion to Proceed *in Forma Pauperis* (Doc. 1) and a proposed Complaint (Doc. 2) against Defendants Jennifer Hudson ("Ms. Hudson") and Tanya Murgel ("Ms. Murgel"). The Complaint alleges that the United States government is a defendant as its basis for jurisdiction. (Doc. 2 at 5). Ms. Hart, however, has not named the United States as a defendant. She does name state actors as defendants and therefore, for purposes of this Order, the Court will presume it has federal jurisdiction arising under 42 U.S.C. § 1983, 28 U.S.C. § 1331.

In the Complaint, Ms. Hart alleges that Ms. Hudson is a public defender who represented her son, Kris, in September of 2014 in what appears to the Court to be

a case of sexual assault. The Complaint alleges Ms. Hudson essentially "forced [him] to plee[sic] guilty" and "forced [him] to be a predator, falsified testimonies, manipulated [him] by cohesion[sic] and forced [perjury]!" (Doc. 2 at 6). Additionally, while not named in the caption of the Complaint, Ms. Murgel is named as a defendant in the section "Defendants Involved," in which Ms. Hart alleges that Ms. Murgel, a juvenile probation officer, heard Kris denying the charges and saying that he was raped. (*Id*.)

The Motion to Proceed *in Forma Pauperis* will be granted. However, after conducting a screening pursuant to 28 U.S.C. §1915, it is apparent on the face of the Complaint that Ms. Hart's claims are barred by the statute of limitations. Therefore, the Court recommends that her Complaint be dismissed.

## I. Motion to Proceed *in Forma Pauperis*

Ms. Hart's Motion to Proceed *in Forma Pauperis* is sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1). Therefore, the Court orders that Ms. Hart's request to proceed *in forma pauperis* be granted. 28 U.S.C. § 1915(a).

## II. Screening pursuant to 28 U.S.C. § 1915

### A. Legal standard

Because Ms. Hart is proceeding *in forma pauperis*, the Court must review

her Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed *in forma pauperis* before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal pleading standards, the Court must determine whether the Complaint states a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

**B. Analysis**

The Court finds that Ms. Hart's Complaint should be dismissed for failure to file within the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1); *see Harvey v. Waldron*, 210 F.3d 1008, 1013 (Mont. 2000).

Ms. Hart alleges that the events giving rise to her claim occurred in September of 2014. (Doc. 2 at 6). As such, Ms. Hart was required to file her claims against Ms. Hudson and Ms. Murgel no later than September of 2017. Ms. Hart's Complaint is dated January 31, 2018. (*Id.*) Even the most liberal construction of Ms. Hart's pleadings cannot avoid the absolute bar of the statute of limitations, and this is not a defect which could be cured with further amendment. Therefore, the Court recommends that her Complaint be dismissed with prejudice.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Ms. Hart's Motion to Proceed *in Forma Pauperis* (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on January 31, 2018.

3. At all times during this action, Ms. Hart shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following **Finding:**

1. Ms. Hart's claims are barred by the statute of limitations.

Therefore, based on the foregoing, the Court **Recommends:**

1. Ms. Hart's Complaint (Doc. 2) should be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Ms. Hart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 6th day of February, 2018.

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ms. Hart is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

John Johnston
United States Magistrate Judge